08 CIV 7006

Raymond J. Dowd, Esq. (RD 7508)
Thomas V. Marino (TM 7397)
Dunnington, Bartholow & Miller LLP
1359 Broadway, Suite 600
New York, New York 10018
(212) 682-8811

UNITED STATES DISTRICT OF NEW YORK
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
212 BOX LLC and ERIC CLOUGH,

                               Plaintiffs
              v.

ERIK L'HEUREUX
                              Defendant.
------------------------------------------------------------------X

### VERIFIED COMPLAINT AND JURY DEMAND

1.      Plaintiffs 212 BOX LLC and ERIC CLOUGH ("212 BOX" or "Plaintiff") brings this civil action for preliminary and permanent injunctive relief, damages and attorneys fees against defendant. This action arises out of defendant's unlawful use of domain name address ("URL") "212 BOX.COM

### JURISDICTION

2.      This is an action arising under Section 43(a) and (c) of the Lanham Act, 15 U.S.C. §§ 1051 et seq., the Anticybersquatting Consumer Protection Act, Section 43(d) of the Lanham 2 Act, 15 U.S.C. § 1125(d) and common law claims for, *inter alia* tortuous interference with contract and unfair competition.

3.      The controversy is between citizens of New York.

4.      This court has jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 338 (a) and (b).

VENUE

5.     Venue is proper under 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and the defendants are subject to personal jurisdiction in this district.

PARTIES

6.     Plaintiff 212 Box L.L.C. ("212 BOX") is a Limited Liability Corporation organized on February 21, 2001under the laws of New York with its principal place of business located at 30 Vesey Street, Floor 11, New York, NY 10007.  212 BOX is engaged in design research in residential and commercial architecture, product design, graphic design, advertising, and film.     212 BOX  owns and uses the service mark 212 BOX and is engaged in promoting and administering the domain name 212BOX.COM.

7.     Upon information and belief, Plaintiff Eric Clough owns 100% of 212 BOX LLC. On or around January 1, 2003, Plaintiff offered certain employees of 212 BOX ownership percentages of the LLC.   It is unclear from the LLC documentation whether any membership interests were transferred, although Plaintiff and Defendant each believed that such transfer was effective.

8.     Defendant Erik L'Heureux ("L'Heureux") is an individual residing at 214 Clinton Street, New York, NY 10002 and 46B Temple Street, Singapore 058591. From November, 2000 until July 31st, 2006, L'Heureux worked in various capacities with 212 BOX, at times on a consulting basis, and later with the understanding that he was acting with an ownership percentage of 5.75% in 212 BOX. At one point 212 BOX agreed to grant a 5.75% ownership interest to L'Heureux.     No operating agreement was ever executed reflecting this ownership interest.  Following L'Heureux's departure from

2

212 BOX, the parties have been unable to come to a resolution on the effectiveness, status and value of L'Heureux's purported interest.

## FACTS

9.      On or around October 31, 2000, Defendant Erik L'Heureux, acting as an agent of 212 BOX and acting within the scope of such agency registered the domain 212BOX.COM (the "URL") with Network Solutions of Herndon, Virginia.

10.     212 BOX used the domain name in connection with the sales of goods and services in the course of commerce in the United States and worldwide to promote, publicize and broadcast its architectural services under the mark 212BOX.

11.     Plaintiff and its affiliates have been using the mark 212 BOX in commerce in the United States since on or around November 2000.

12.     Plaintiff is the owner of the mark 212 BOX and is duly authorized to bring this action.

13.     Since on or around November 2000, 212 BOX has promoted the domain name 212BOX.COM as a service mark and as a source identifier for consumers worldwide seeking to find Plaintiff's goods and services and the goods and services of manufacturers endorsed or advertised by Plaintiff.

14.     212 BOX is widely known both in the United States and the world for its projects in architecture and interiors, product design, graphic design, and film..

15.     Within the last year, Plaintiff Eric Clough and 212 BOX has been in the news for his work on an apartment on Fifth Avenue, in which he concealed puzzles, poems and games to make a treasure hunt game for the children living in the apartment.

16.	World renowned director, J.J. Abrams has expressed desire to produce a movie about the aforementioned apartment designed by Plaintiff Eric Clough. His company, Bad Robot, has purchased the rights to the New York Times article about the apartment entitled "Mystery of Fifth Avenue" .

17.	Recently, Plaintiff Eric Clough and 212 BOX have been in world news for the design of a number of Christian Louboutin boutiques in Hong Kong, Las Vegas, Moscow, Paris, New York and London, making the mark 212 BOX recognizable worldwide.

18.	Plaintiff Eric Clough and 212 BOX have also appeared in the news with regard to a new project, a 100 story building built around a space-frame structural system in Dubai.

19.	Plaintiff Eric Clough and 212 BOX have created an executive desk toy called the ThinkBox, once available at the Whitney Museum store, since or around December, 2002.

## HIJACKING

20. On or around October 2000, Defendant was instructed to create a domain through Network Solutions for 212 BOX.

21.	Upon information and belief, rather than register the domain name as being owned by 212 BOX Defendant registered himself as the contact person for the domain.

22.	Records from Networksolutions.com show that the account was created on October 31, 2000, with L'Heureux as the Administrative Contact.

23.	The understanding of all parties was that use of the title "Administrative Contact" did not imply ownership to 212 BOX, merely that L'Heureux was an employee or consultant performing an administrative task.

24. At various points in time L'Heureux left and returned as an employee of 212 BOX. He left 212 BOX permanently on or around July 31, 2006.

25. During the time that L'Heureux was employed by 212 BOX, Clough and other 212 BOX employees used emails ending in "@212box.com". Sending and receiving such emails requires permission of the Administrative Contact for the URL at Network Solutions. The use of the URL requires approval from the Administrative Contact which L'Heureux performed as part of his duties as a 212 BOX employee.

26. On or around November, 2005 a financial dispute arose between 212 BOX and L'Heureux.

27. In retaliation for the abovementioned financial dispute, as well as to gain undue financial advantage, Defendant hijacked the URL. On February 14 and 15, 2007 and again on July 22, 23, and 24, 2008 Defendant blocked 212 BOX from receiving e-mails. Upon information and belief, Defendantcopyied confidential e-mails belonging to 212 BOX causing loss of business, business disruption and severe embarrassment for 212 BOX and its 12 employees.

28. According to records maintained by Network Solutions, 212BOX.COM has been registered with them since October 31, 2000 and expires October 31, 2009.

29. Records found through Network Solution's website list Defendant as Registrant and Administrative Contact for the domain 212BOX.COM. To the extent Defendant is listed as Registrant, such listing was in trust for 212 BOX.

30. Plaintiff demanded that Defendant restore 212 BOX's access to the URL.

31.     Defendant refused to restore 212 BOX's access to the URL.  For technical reasons unknown, 212BOX currently has access to the URL, but cannot verify the privacy and security of its communications and is subject to future raids on its information.

32.     Defendant contacted Network Solutions to seek to have URL access and administration returned to 212 BOX.

33.     Network Solutions refused, but indicated that if served with a copy of a lawsuit, it would abide by a judicial decision.

34.     Based on the foregoing, Network Solutions is not a necessary party to this action.

                              FIRST CAUSE OF ACTION

                        (Unfair Competition - 15 U.S.C. § 1125 (a))

                                  (Lanham Act § 43 (a))

35.     Plaintiff incorporates the preceding allegations as if set forth in full herein.

36.     Upon information and belief, Defendant has used or is using his access to the mark 212 BOX to falsely indicate to Plaintiff's customers that Defendant continues to provide products and services located at the domain name 212BOX.COM.  Defendant has posted photographs of architectural and design projects designed by 212 BOX on the website [www.penciloffice.com](www.penciloffice.com), has stripped the mark 212 BOX from Plaintiff's projects, and offers architectural and design services based on 212 BOX projects without the consent of 212 BOX.

37.     Defendant's use of 212 BOX architectural and design projects and, upon information and belief, the domain name and source identifiers 212BOX.COM have caused, continues to cause and will likely cause confusion and mistake as to the origin of Plaintiff s products and services.

38.     Defendant's use of photographs of 212 BOX architectural and design projects together with, upon information and belief, the domain name and source identifier 212BOX.COM has caused, is continuing to cause and will likely cause confusion in the future for customers of Plaintiff's goods and services. Consumers are confused over whether Plaintiff has endorsed Defendant's products and services.

39.     Plaintiff has suffered damages as a direct and proximate result of Defendant's wrongful acts, including incalculable injury to its goodwill and business reputation, and the expenditure of attorney's fees, but Plaintiff has no adequate remedy at law. Plaintiff will continue to suffer irreparable injury unless this court enjoins Defendants' acts of unfair competition.

## SECOND CAUSE OF ACTION

(Anti-Cybersquatting Consumer Protection Act - 15 U.S.C. § 1125(d))

(Lanham Act § 43(d))

40.     Plaintiff incorporates the preceding allegations as if set forth in full herein.

41.     Plaintiff is the owner of the marks 212BOX.COM as defined in the Federal Anti-Cyber squatting Consumer Protection Act, 15 U.S.C.§ 1125(d)(1)(A). The names, marks and intellectual property at issue and the infringing domain name consist of Plaintiff's legal name, a confusing similar rendition of Plaintiff's name, and or a name that is commonly used to identify Plaintiff.

42. Plaintiff is informed and believes, and thereon alleges, upon information and belief that Defendant, with a bad faith intent to profit from the 212BOX.COM mark intellectual property belonging to 212 BOX, including its trade name, registered, trafficked in, andused a domain nameconfusingly similar to and dilutive of Plaintiff's mark 212 BOX.

43. The defendant wrongfully took over the registrations of the 212BOX.COM domain name which is confusingly similar to Plaintiff's mark 212 BOX.

44. Plaintiff's mark is distinctive and was distinctive at the time of the defendants hijacking of the 212BOX.COM domain name. Plaintiff's Mark is famous and has acquired secondary meaning both in the United States and abroad.

45. As a direct and proximate result of the foregoing acts by the Defendant, Plaintiff has suffered damages in an amount to be determined at trial. Plaintiff is also entitled to the transfer of the domain name 212BOX.COM back to Plaintiff's control, pursuant to 15 U.S.C. § 1125(d)(1)(c).

## THIRD CAUSE OF ACTION

(Tortious Interference With Contract)

46. Plaintiff incorporates the preceding allegations as if set forth in full herein.

47. Defendant knew of Plaintiff's contract with Network Solutions, Inc., guaranteeing Plaintiff's registration of the domain name 212BOX.COM.

48. Defendant knew or should have known of Plaintiff's products and services available through the domain name 212BOX.COM.

49. At all relevant times cited herein, Defendant knew or should have been aware that the high traffic coming to 212BOX.COM was due to Plaintiff's promotional efforts and the quality of Plaintiffs goods and services.

50. Knowing of Plaintiff's contract with Network Solutions by which Network Solutions agreed to maintain the domain address 212BOX.COM linked to Plaintiff's content, Defendant did wrongfully interfere with such contractual relations as set forth more fully above.

## FOURTH CAUSE OF ACTION

(New York State Law - Tortious Interference With Prospective Advantage)

51. Plaintiff incorporates the preceding allegations as if set forth in full herein.

52. At all relevant times cited herein, Defendant, knowing that person visiting the domain address 212BOX.COM to visit Plaintiff s content and to consume Plaintiff's content, view Plaintiff s advertising, and purchase products and services from Plaintiff, did wrongfully interfere with Plaintiff's prospective advantages and contractual relations with such visitors by hijacking the domain name 212BOX.COM.

53. As a direct and proximate result of the foregoing acts by the Defendant, Plaintiff has suffered damages in an amount to be determined at trial. Plaintiff is also entitled to the transfer of the domain names back to his control.

## FIFTH CAUSE OF ACTION

(Palming Off Under New York State Law)

54. Plaintiff incorporates the preceding allegations as if set forth in full herein.

55. Defendant offer goods and services on 212BOX.COM on the pretense that they are Plaintiff's goods, or that there is a connection between Plaintiff's business and defendant so as to dilute the distinctive quality of Plaintiff's good name.

56. As a direct and proximate result of the foregoing acts by the Defendant, Plaintiff has suffered damages in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

(Misappropriation)

57. Plaintiff incorporates the preceding allegations as if set forth in full herein.

58. Defendant has breached a fiduciary duty to Plaintiff and misappropriated the name and good will of Plaintiff.

59. Upon information and belief, Defendant has misappropriated confidential client and personal data belonging to Plaintiffs and Plaintiffs' employees.

60. As a direct and proximate result of the foregoing acts by the Defendant, Plaintiffs have suffered damages in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

(Injunction)

61. Plaintiff incorporates the preceding allegations as if set forth in full herein.

62. Plaintiff has been and will continue to suffer irreparable harm due to Defendant's interference with the URL 212box.com and with Plaintiff's intellectual property.

63. Plaintiff has no adequate remedy of at law.

64. Plaintiff is entitled to an order A. directing Defendant to transfer the URL 212Box.com to Plaintiff; B. permanently enjoining Defendant from using, accessing or transferring the URL 212.box.com or using the mark 212 BOX; and C. permanently enjoining Defendant from using Plaintiff's intellectual property.

WHEREFORE, Plaintiffs Eric Clough and 212 Box LLC demands judgment:

    A.    Permanently enjoining defendant Erik L'Heureux and his officers, agents, servants, employees and all persons acting in concert or participation with them from using the URL 212box.com or the mark 212BOX mark, or intellectual property belonging to 212 Box LLC or making any other false designations of origin or unfairly competing with plaintiff;

    B.    Ordering a transfer of the URL 212box.com from Defendant to Plaintiff;

    C.    Awarding damages and attorneys fees to Plaintiff; and

    D.    For such other and further relief as the Court deems just.

Dated: New York, New York
August 5, 2008

            DUNNINGTON, BARTHOLOW & MILLER LLP

            By: _____
            Raymond J. Dowd, Esq. (RD 7508)
            Thomas V. Marino (TM 7397)
            *Attorneys for Plaintiffs 212 BOX LLC and Eric Clough*
            Raymond J. Dowd, Esq. (RD 7508)
            1359 Broadway, Suite 600
            New York, New York 10018
            Tel: (212) 682-8811
            Fax: (212) 661-7769
            Email: rdowd@dunnington.com

## VERIFICATION

ERIC CLOUGH, being duly sworn, deposes and says:

1. That I am a Plaintiff in the above-referenced action herein, and am the Managing Member of 212 BOX LLC.

2. I swear under penalties of perjury of the laws of the United States of America that I have read the annexed Verified Complaint and Jury Demand and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
ERIC CLOUGH